HAYES PAWLENKO LLP
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff:
Loretta Jean Benson

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA JEAN BENSON, an individual on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC; and DOES 1 to 10 inclusive,<br><br>Defendants. | <u>CLASS ACTION</u><br><br>COMPLAINT FOR:<br><br>1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194)<br>2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.)<br>3. Waiting Time Penalties (Cal. Labor Code § 203)<br><br>AND DEMAND FOR JURY TRIAL |

Plaintiff LORETTA JEAN BENSON ("Plaintiff"), on behalf of herself and all others similarly situated, allege as follows:

**NATURE OF THE ACTION**

1. This is a class action lawsuit, on behalf of healthcare professionals working travel assignments, for (1) failing to include the value of per diem benefits in the regular rate of pay when calculating overtime wages and (2) failing to pay all wages owing at the termination of employment.

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are residents of different states.

**VENUE**

3. This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Maxim Healthcare Services, Inc. ("Maxim") employs putative class members and transacts business in this judicial district and a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

4. Plaintiff is a resident of California who was employed as a non-exempt hourly employee of Maxim in Sacramento, California from March 2015 to May 2015 and in Davis, California from April 2016 to June 2016.

5. Maxim is a Maryland corporation that, at all relevant times, has been engaged in the business of health care staffing throughout California.

6. Plaintiff is currently unaware of the true names and capacities of the defendants

sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sue those defendants by fictitious names. Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants. Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

7. Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

8. Defendants Maxim and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Maxim is a staffing company and through its travel nursing division, "TravelMax," employs hourly healthcare professionals for short-term travel assignments at healthcare providers throughout the United States.

10. The terms and conditions of employment between Maxim and healthcare professionals working travel assignments are governed by a form "TravelMax Travel Assignment Agreement" (hereafter "Travel Assignment Agreement").

11. The Travel Assignment Agreement requires each healthcare professional to work a specified "minimum" number of hours per week.

12. As part of the healthcare professionals' compensation, the Travel Assignment

Agreement provides for a "Meal Per Diem" and "Housing Per Diem."

13. These per diem benefits are, however, contingent upon healthcare professionals working their "minimum" required number of hours each week.

14. When health care professionals fail to work their "minimum" number of weekly required hours, the Travel Assignment Agreement provides that the per diem benefits will be prorated.

15. The amount of the per diem benefits is thus not based upon the actual expenses incurred each week, but instead is based upon, and varies with, the number of weekly hours worked by health care professionals.

16. Notwithstanding that the amount of the per diem benefits are based upon, and varies with, the number of weekly hours worked by health care professionals, Maxim does not include the value of the per diem benefits in the health care professionals' regular rates of pay for purposes of calculating overtime pay.

17. Plaintiff's employment with Maxim was governed by a Travel Assignment Agreement that provided for adjustments to meal and housing per diem benefits based on the number of hours worked per week.

18. During her employment with Maxim, Plaintiff worked in excess of 8 hours per day.

19. Maxim did not include the value of Plaintiff's per diem benefits in Plaintiff's regular rate of pay for purposes of calculating her overtime pay.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent a class composed of

the following:

All non-exempt hourly employees employed by Defendants in California from April 13, 2013 through the date of class certification whose employment was governed by a TravelMax Travel Assignment Agreement that provided for per diem benefits that were subject to adjustment based on the number of hours worked each week.

21. Plaintiffs reserve the right to amend or modify the class descriptions or establish additional subclasses as appropriate.

22. This action has been brought and may properly be maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation.

**A. Numerosity**

23. The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of members of the class has not been determined at this time, Plaintiffs are informed and believes that the class contains in excess of 100 individuals.

**B. Commonality**

24. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include, without limitation, (1) whether Defendants' per diem benefits were subject to adjustment based on weekly hours worked and (2) whether Defendants included the value of per diem benefits in class members' regular rates of pay for purposes of calculating overtime pay.

**C. Typicality**

25. The class claims of the proposed class representatives are typical of the claims of each class member.

26. As with other members of the class, (1) Plaintiff worked pursuant to a Travel Assignment Agreement that provided for per diem benefits that were subject to adjustment based upon weekly hours worked and (2) Defendants excluded the value of Plaintiff's per diem benefits from the regular rate when calculating her overtime pay.

**D. Adequacy of Representation**

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

**E. Superiority of Class Action**

28. A class action is superior to other available means for the fair and efficient adjudication of the class claims. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

29. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

## (LABOR CODE §§ 510, 1194)

30. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31. Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

32. Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

33. As a result of Defendants' failure to include the value of per diem benefits in employees' regular rates of pay for purposes of calculating overtime pay, Plaintiff and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

34. Plaintiff seeks to recover, on behalf of herself and other class members, payment of the overtime owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

35. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

36. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.

37. Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, et seq. by virtue of violating Labor Code section 510.

38. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

39. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

40. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws, and an award of costs.

**THIRD CAUSE OF ACTION**

**CLASS ACTION CLAIM FOR WAITING TIME PENALTIES**

**(LABOR CODE § 203)**

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. Labor Code sections 201, 201.3 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

43. Plaintiffs and some other members of the class are no longer employed by Defendants.

44. Throughout the class period, Plaintiffs and other class members were not timely paid all wages owing at the time of termination of employment because they were not paid the

correct overtime rates of pay.

45. Defendants' failure to pay Plaintiff and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally failed to include the value of per diem benefits in their regular rates of pay for purposes of calculating overtime pay.

46. Plaintiff and other class members who are former employees of Defendants are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

### Class Certification

1. That this case be certified as a class action;
2. That Plaintiff be appointed as the representative of the class; and
3. That counsel for Plaintiff be appointed as class counsel.

### First Cause of Action

4. That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

5. For unpaid overtime wages and such general and special damages as may be appropriate;

6. For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

7. For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8. For such other and further relief as the Court may deem equitable and appropriate.

**Second Cause of Action**

9. That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by failing to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510;

10. For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

11. Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

12. For such other and further relief as the Court may deem equitable and appropriate.

**Third Cause of Action**

13. That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 201.3, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiff and other class members who are former employees of Defendants;

14. For statutory waiting time penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants; and

15. For such other and further relief as the Court may deem equitable and appropriate.

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED: April 12, 2017

HAYES PAWLENKO LLP

By: /s/Matthew B. Hayes
Matthew B. Hayes
Kye D. Pawlenko
Attorneys for Plaintiffs