UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LORETTA JEAN BENSON, an individual on behalf of herself and others similarly situated,

    Plaintiff,

    v.

MAXIM HEALTHCARE SERVICES, INC.,

    Defendant.

No. 2:17-cv-00771-MCE-EFB

**ORDER**

Through the present action, Plaintiff Loretta Jean Benson ("Plaintiff") pursues claims arising out of her employment with Defendant Maxim Healthcare Services, Inc. ("Defendant"). As a condition of her employment, however, Plaintiff signed a Mutual Arbitration Agreement ("MAA") agreeing to arbitrate on an individual basis claims against Defendant arising from her employment or the termination of her employment. Accordingly, Defendant now seeks an order compelling arbitration in accordance with the MAA. For the reasons set forth below, Defendant's Motion to Compel Arbitration on an Individual Basis and to Dismiss Plaintiff's Complaint (ECF No. 27) is GRANTED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**ANALYSIS**

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements involving interstate commerce. 9 U.S.C. § 2. The FAA allows "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Valid arbitration agreements must be "rigorously enforced" given the strong federal policy in favor of enforcing arbitration agreements. Perry v. Thomas, 482 U.S. 483, 489-90 (1987) (citation omitted). To that end, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in the original).

The Supreme Court has repeatedly recognized the strong national policy favoring arbitration. See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24-25 (1991) (FAA's "purpose was …. to place arbitration agreements upon the same footing as other contracts," and recognizing a "liberal federal policy favoring arbitration agreements"); Shearson/Am. Express Inc. v. McMahon, 482 U.S. 220, 226 (1987) (FAA "establishes a 'federal policy favoring arbitration,' . . . requiring that we rigorously enforce agreements to arbitrate.'" (citations omitted); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) (federal policy of FAA is one which guarantees the enforcement of private contractual arrangements).

Given this policy, it is clear that a court is obligated to liberally interpret and enforce arbitration agreements and to do so "with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Significantly, too, any doubts concerning arbitrability should be resolved in favor of arbitration: Mitsubishi Motors Corp., 473 U.S. at 624 n.13 (noting that the

appellate court "properly resolved any doubts of arbitrability"): see also Hodsdon v. Bright House Networks, LLC, 2013 WL 1499486 at *2 (E.D. Cal. Apr. 11, 2013) ("Because there is a presumption in favor of arbitration, the Court is required to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration.").

In determining the validity of an agreement to arbitrate, the district court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration." Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996).

There is no dispute that the arbitration agreement on which Defendant relies extends to the bulk of Plaintiff's instant claims. Instead, Plaintiff argues that the MAA is: (1) procedurally unconscionable since Plaintiff was required to sign it as a condition of her employment and certain provisions were hidden within the class action waiver; and (2) substantively unconscionable because Plaintiff is prohibited from joining claims against Defendant on behalf of other individuals or seeking damages/penalties on behalf of other individuals, but Defendant is purportedly not likewise restricted. These arguments cannot carry the day.

First, the fact that Plaintiff's employment was conditioned on her acceptance of the MAA does not itself render the agreement unenforceable. Instead, "if an employee must sign a non-negotiable employment agreement as a condition of employment but there is no other indication of oppression or surprise, then the agreement will be enforceable unless the degree of substantive unconscionability is high." Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1261 (9th Cir. 2017). And although Plaintiff attempts to manufacture additional oppression or surprise by arguing that the prohibition on joinder or consolidation of claims is buried in fine print, that contention also fails. The MAA is an independent free-standing document, that includes the foregoing class action waivers in a separate section identified with bolded and underlined text. There is nothing surprising about including these terms within a clearly identified section waiving the right to bring class claims. See Reply, ECF No. 32, at 3 ("[A] mutual class-action waiver is a mutual

waiver of joined claims, and it is not all 'surprising' that this term would appear in this section.").

Second, Plaintiff has not shown that the MAA is substantively unconscionable. The California Supreme Court has held that an arbitration agreement may be unconscionable unless it includes basic procedural and remedial protections so that a claimant can effectively pursue his or her rights. Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (2000). According to the Armendariz court, a valid employment arbitration agreement must 1) provide for a neutral arbitrator; 2) provide for more than minimal discovery; 3) require a written award; 4) provide for all of the types of relief that would otherwise be available in court; and 5) not require employees to pay either unreasonable costs or any arbitrator's fees or expenses as a condition of access to the arbitration forum. Id. at 102. According to Plaintiff, the MAA is unenforceable given these principles because it lacks mutuality. The Court disagrees.

More specifically, Plaintiff contends that the MAA "imposes a one-way prohibition on the ability of employees to join and consolidate their claims against Maxim but no reciprocal prohibition on the ability of Maxim to join and consolidate its claims against employees." Opp. at 7. This argument, however, belies the plain language of the MAA which provides:

**Class, collective or representative action waiver**

To the extent permitted by governing law, all Covered Claims under this Agreement to arbitrate must be brought in the parties' individual capacity, and not as a plaintiff or class representative or class member in any purported class action, collective action or representative action or proceeding. No Covered Claims may be brought or maintained on a class action, collective action or representative action basis either in court or in arbitration. All such claims will be decided on an individual basis in arbitration pursuant to this Agreement to arbitrate. The parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate in a representative capacity or as a plaintiff, claimant or class representative or member in a class action, collective action, or other representative or joint action, regardless of whether the action is filed in arbitration or in court. If, for any reason, the waiver of any ability to initiate or maintain a claim as a class, collective or representative action is found to be

4

> unenforceable or invalid in whole or in part, then a court of competent jurisdiction, not an arbitrator, will decide the type of claim as to which the waiver was held unenforceable or invalid. Any issue concerning the enforceability or validity of this waiver must be decided by a court of competent jurisdiction, and not by an arbitrator. Claims may not be joined or consolidated in court or arbitration with Claims brought by other individual(s), and no damages or penalties may be sought or recovered on behalf of other individuals, unless agreed to in writing by all parties.

Decl. of Deah Ruebel, ECF No. 29, Ex. 2. When read in context, it is clear that this provision is intended to be reciprocal. It does not limit its application to claims brought by the employee only. And throughout the paragraph, it refers to the "parties." Moreover, the MAA makes clear that it covers only those claims between "EMPLOYEE and MAXIM, that arise out of or relate to EMPLOYEE's recruitment, application, employment or separation from employment with MAXIM." Id. By definition, then, Defendant could not pursue class or collective claims against other employees, which would not involve Plaintiff's employment, under the terms of the agreement.

Nor is the agreement one-sided with respect to the parties' ability to recover damages. The MAA expressly permits Plaintiff to proceed on claims against "MAXIM HEALTHCARE SERVICES, INC., or any affiliated company and/or any of its parents, subsidiaries, affiliates, agents, officers, directors, successors, agents, assigns, [and] employees." Accordingly, Plaintiff is permitted to seek recovery against any individuals or entities that fall within the foregoing definition. Given this, and the fact that Defendant is, again by definition, precluded from joining claims against other employees in any arbitration against Plaintiff, Plaintiff's contention that the MAA is substantively unconscionable is not well taken.

///
///
///
///
///

5

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Compel Arbitration on an Individual Basis and to Dismiss Plaintiff's Complaint (ECF No. 27) is GRANTED, and this action is DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE